MCGUIREWOODS LLP
TRACY EVANS MOYER SBN #243212
(tmoyer@mcguirewoods.com)
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Telephone: 310.315.8200
Facsimile: 310.315.8210

Attorney for Defendants
*Bank of America, N.A., The Bank of New
York Mellon fka The Bank of New York,
ReconTrust Company, N.A., and Mortgage
Electronic Registration Systems, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE NEWMAN, an individual, and JANE NEWMAN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A., a national association, BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, a New York Corporation; RECONTRUST COMPANY, N.A., a chartered national trust bank; CLEAR RECON CORP., a California corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 3:14-cv-04034-MEJ<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF LAW IN SUPPORT**<br><br>Date: October 23, 2014<br>Time: 10:00 a.m.<br>Courtroom: B – 15th Floor<br><br>Judge: Hon. Maria-Elena James<br><br>Removed from Superior Court of California, Sonoma County, Case No. SCV-255738 |

PLEASE TAKE NOTICE that on October 23, 2014, at 10:00 a.m., or as soon thereafter as counsel can be heard in Courtroom B – 15th Floor of the above-entitled court located at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Bank of America, N.A. ("BANA"), The Bank of New

York Mellon fka The Bank of New York ("BNYM"), ReconTrust Company, N.A. ("Recon"),[1] and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"), will move this Court to dismiss Plaintiffs Dale Newman and Jane Newman ("Plaintiffs") Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

This motion is made on the grounds that Plaintiffs have failed to state a claim for each of their causes of action. This motion is directed to the Complaint in its entirety and each of the alleged six (6) causes of action specifically.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the pleadings and records on file herein, and such further written and oral evidence as may be presented at the time of hearing.

Dated: September 12, 2014

/s/ Tracy Evans Moyer
Tracy Evans Moyer
McGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles CA 90067
(310) 315-8200 (phone)
(310) 310-8210 (facsimile)
tmoyer@mcguirewoods.com
Attorney for Defendants
Bank of America, N.A., The Bank of New York Mellon fka The Bank of New York, ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc.

---

[1] On August 27, 2014, prior to removal of this action to this Court, Recon filed its Declaration of Non-Monetary Status in the Action pursuant to Cal. Civ. Code § 2924l. Pursuant to Cal. Civ. Code § 2924l(d), in the event that no objection to the Declaration is served by September 16, 2014, Recon shall not be required to participate any further in this action.

# TABLE OF CONTENTS

Page(s)

I.    ISSUES TO BE DECIDED ........................................................ 1

II.   INTRODUCTION .................................................................. 1

III.  FACTUAL ALLEGATIONS ...................................................... 2

IV.   ARGUMENT AND CITATION OF AUTHORITIES.................................... 4

    A.    Standard of Review........................................................ 4

    B.    The Public Record Confirms Beneficiary BNYM's and Trustee CRC's
        Authority to Foreclose. ................................................. 4

    C.    Plaintiffs Lack Standing To Attack the Validity of the Assignment. ................... 7

    D.    Alleged Securitization of the Loan Has No Impact On Its Enforceability. .......... 7

    E.    Plaintiffs Fail To State A Claim For Any of Their Individual Causes of
        Action........................................................................ 10

    F.    Plaintiffs Fail To State A Claim For Wrongful Foreclosure. (COA # 1) ........... 11

    G.    Plaintiffs Fail To State A Claim For Fraud. (COA # 2)........................................ 12

    H.    Plaintiffs Fail To State A Claim For Declaratory Relief. (COA # 3) ................. 14

    I.    Plaintiffs Fail To State A Claim For Quiet Title. (COA # 4) ............................. 15

    J.    Plaintiffs Fail To State A Claim For "Civil Code Violation." (COA # 5).......... 16

    K.    Plaintiffs Fail To State A Claim For Unfair Competition. (COA # 6) ............... 18

    L.    Plaintiffs Are Not Entitled To Injunctive Relief. (COA # 7).............................. 19

V.    CONCLUSION..................................................................... 20

1

2

# <u>TABLE OF AUTHORITIES</u>

3
**Page(s)**

4

**FEDERAL CASES**

5

*Affum v. U.S.*
    550 F. Supp. 2d 63 (D. D.C. 2008) ................................................................................19

6

7

*Akhavein v. Argent Mortg. Co.*
    2009 U.S. Dist. LEXIS 61796 (N.D. Cal. July 17, 2009) ...........................................13

8

*Alicea v. GE Money Bank*
    2009 WL 2136969 (N.D. Cal. July 16, 2009) ...........................................................19

9

10

*Apostol v. CitiMortgage, Inc.*
    13-cv-01983-WHO, 2013 U.S. Dist. LEXIS 167308 (N.D. Cal. Nov. 21, 2013) ...............9

11

*Ashcroft v. Iqbal*
    129 S. Ct. 1937 (2009) ................................................................................................4

12

13

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ...................................................................................................4

14

*Benham v. Aurora Loan Servs.*
    2009 U.S. Dist. LEXIS 78384 (N.D. Cal. Sept. 1, 2009) ...........................................8

15

16

*Bergman v. Bank of America, N.A.*
    No. 13-cv-00741-JCS, 2014 U.S. Dist. LEXIS 7933 (N.D. Cal. Jan. 22, 2014) ...............9

17

*Cahill v. Liberty Mut. Ins. Co.*
    80 F.3d 336 (9th Cir. 1996) ......................................................................................4

18

19

*Clarke v. City of Madera*
    2008 U.S. Dist. LEXIS 119550 (E.D. Cal. Mar. 19, 2008) ........................................3

20

*Cooper v. Pickett*
    137 F.3d 616 (9th Cir. 1997) ...................................................................................13

21

22

*Dahnken v. Wells Fargo Bank, N.A.*
    No. 13-cv-2838-PJH, 2013 U.S. Dist. LEXIS 160686 (N.D. Cal. Nov. 8, 2013) ...............10

23

*Earth Island Inst. v. Carlton*
    626 F.3d 462 (9th Cir. 2010) ...................................................................................19

24

25

*Emrich v. Touche Ross & Co.*
    846 F.2d 1190 (9th Cir. 1988) ...................................................................................3

26

*Gilliland v. Chase Home Fin., LLC*
    No. 2:13–cv–02042 JAM–AC, 2014 U.S. Dist. LEXIS 11107 (E.D. Cal. Jan. 29,
    2014) ........................................................................................................................17

27

28

*Hafiz v. Greenpoint Mortgage Funding, Inc.*
   652 F. Supp. 2d 1039, 2009 U.S. Dist. LEXIS 60818 (N.D. Cal. July 16, 2009) ...................8

*Kelley v. Rambus, Inc.*
   384 Fed. Appx. 570 (9th Cir. 2010).......................................................................13

*Lucero v. Am. Home Mortg.*
   2011 U.S. Dist. LEXIS 28768 (N.D. Cal. Mar. 21, 2011)....................................13

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
   519 F.3d 1025 (9th Cir. 2008) ................................................................................4

*McGough v. Wells Fargo Bank, N.A.*
   No. C12–0050 TEH, 2012 U.S. Dist. LEXIS 151737 (N.D. Cal. Oct. 22, 2012) .................17

*Newman v. Bank of New York Mellon*
   1:12-cv-1629 AWI, 2013 U.S. Dist. LEXIS 147562 (E.D. Cal. Oct. 11, 2013) ...................10

*Nguyen v. J.P. Morgan Chase Bank, N.A.*
   No. 5:12-cv-04183-PSG, 2014 U.S. Dist. LEXIS 6009 (N.D. Cal. Jan. 16, 2014).................9

*Penney v. Wells Fargo Bank, N.A.*
   2012 U.S. Dist. LEXIS 78794 (C.D. Cal. June 6, 2012) ....................................7, 8

*Pua v. Recontrust Company*
   2011 U.S. Dist. LEXIS 82624 (C.D. Cal. July 28, 2011) ....................................14

*Rios v. Bank of America, N.A.*
   No. 2:12-cv-02439-KJM-AC, 2014 U.S. Dist. LEXIS 18613 (E.D. Cal. Feb. 13, 2014) ............................................................................................................10

*Rockridge Trust v. Wells Fargo Bank, N.A.*
   985 F. Supp. 2d 1110 (N.D. Cal. Sept. 25, 2013) ...............................................12

*Sanguinetti v. CitiMortgage, Inc.*
   No. 12–5424 SC, 2013 U.S. Dist. LEXIS 130129 (N.D. Cal. Sept. 11, 2013)......................17

*Snell v. Deutsche Bank Nat'l Trust Co.*
   No. 2-13-cv-02178-MCE-DAD, 2014 U.S. Dist. LEXIS 1112 (E.D. Cal. Jan. 29, 2014) ............................................................................................................10

*Velasco v. Sec. Nat'l Mortg. Co.*
   823 F. Supp. 2d 1061 (D.Haw. 2011) .....................................................................8

**CALIFORNIA CASES**

*Aguilar v. Bocci*
   39 Cal. App. 3d 475 (1974) .................................................................................16

*Bleavins v. Demarest*
   196 Cal. App. 4th 1533 (2011) ..............................................................................7

*Debrunner v. Deutsche Bank National Trust Co.*
   204 Cal. App. 4th 433 (2012) ...........................................................................7, 11

*DiGenova v. State Bd. Of Educ.*
  57 Cal. 2d 167 (1962) .......................................................................................17

*Evangelatos v. Superior Court*
  44 Cal. 3d 1188 (1988) .....................................................................................17

*Glaski v. Bank of America, N.A.*
  218 Cal. App. 4th 1079 (2013) .....................................................................9, 10

*Gomes v. Countrywide Home Loans, Inc.*
  192 Cal. App. 4th 1149 (2011) .......................................................................6, 8

*Jenkins v. JPMorgan Chase Bank, N.A.*
  216 Cal. App. 4th 497 (2013) ....................................................................8, 9, 10

*Kaldenbach v. Mut. of Omaha Life Ins. Co.*
  178 Cal. App. 4th 830 (2009) ...........................................................................14

*Khoury v. Maly's of California*
  14 Cal. App. 4th 612 (1993) .............................................................................18

*Killian v. Millard*
  228 Cal. App. 3d 1601 (1991) .............................................................................7

*Krantz v. BT Visual Images*
  89 Cal. App. 4th 164 (2001) .............................................................................18

*Lazar v. Super. Ct.*
  12 Cal. 4th 631 (1996) ......................................................................................12

*Moeller v. Lien*
  25 Cal. App. 4th 822 (1994) ...............................................................................6

*Nymark v. Heart Fed. Sav. & Loan Ass'n*
  231 Cal. App. 3d 1089 (1991) ...........................................................................14

*Podolsky v. First Healthcare Corp.*
  50 Cal. App. 4th 632 (1996) .............................................................................18

*Robles v. One West Bank, FSB*
  No. B234196, 2012 Cal. App ............................................................................17

*Roddenberry v. Roddenberry*
  44 Cal. App. 4th 634 (1996) .............................................................................14

*Shimpones v. Stickney*
  219 Cal. 637 (1934) ..........................................................................................16

*Tarmann v. State Farm Mut. Auto. Ins. Co.*
  2 Cal. App. 4th 153 (1991) ...............................................................................12

*Ung v. Koehler*
  135 Cal. App. 4th 186 (2005) .............................................................................6

*Wagner v. Benson*
  1101 Cal. App. 3d 27 (1980) ............................................................................14

iv
TABLE OF AUTHORITIES

*Wright v. City of Morro Bay*
    144 Cal. App. 4th 767 (2006) ..................................................................15

**FEDERAL STATUTES**

28 U.S.C. § 1332..............................................................................................1

28 U.S.C. § 2201(a) .......................................................................................15

**CALIFORNIA STATUTES**

Cal. Bus. & Prof. Code § 17200 ....................................................................18

Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL")..........................................18

Cal. Bus. & Prof. Code § 17204 ....................................................................18

Cal. Civ. Code §§ 2923.6, 2923.7, and 2924.10.....................................3, 4, 16

Cal. Civ. Code §§ 2924-2924i ........................................................................6

Cal. Civ. Code § 2924(a)(1)......................................................................6, 11

Cal. Civ. Code § 2924l....................................................................................1

Cal. Civ. Code § 2924l(d)...............................................................................1

Cal. Code Civ. Proc. §§ 760.020(a)-(e) .........................................................15

Civ. Code § 2924b(b)(4) .................................................................................6

**OTHER AUTHORITIES**

Bill of Rights...........................................................................................3, 17

Fed. R. Civ. P. Rule 8(a)................................................................................1

Fed. R. Civ. P. Rule 9(b)...............................................................................13

Fed. R. Civ. P. Rule 12(b)(6)................................................................. passim

Fed. R. Civ. P. Rule 65(c)..............................................................................19

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Bank of America, N.A. ("BANA"), The Bank of New York Mellon fka The Bank of New York ("BNYM"), ReconTrust Company, N.A. ("Recon"),[2] and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"), by and through counsel, respectfully move this Court to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  In support thereof, Defendants provides the following memorandum of points and authorities.

## I.   ISSUES TO BE DECIDED

Whether Plaintiffs' Complaint fails to state a claim upon which relief may be granted and therefore should be dismissed.

## II.   INTRODUCTION

On July 9, 2014, Plaintiffs filed this lawsuit against Defendants, Clear Recon Corp. ("CRC"), and Does 1 through 25, inclusive, in the Superior Court of Sonoma County, California, Case No. SCV-255738.  Based upon the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332, Defendants removed the lawsuit to the United States District Court for the Northern District of California on September 5, 2014, within thirty days of the case becoming removable.

The Complaint asserts claims for relief against Defendants for (1) Wrongful Foreclosure; (2) Fraud; (3) Declaratory Relief; (4) Quiet Title; (5) Civil Code Violations; and (6) Unfair Competition.

Based on the allegations of the Complaint, the purported causes of action asserted against Defendants fail to state any claim upon which relief may be granted.  Accordingly, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.

/ / /

/ / /

---

[2]  On August 27, 2014, prior to removal of this action to this Court, Recon filed its Declaration of Non-Monetary Status in the Action pursuant to Cal. Civ. Code § 2924l.  Pursuant to Cal. Civ. Code § 2924l(d), in the event that no objection to the Declaration is served by September 16, 2014, Recon shall not be required to participate any further in this action.

III.    **FACTUAL ALLEGATIONS**[3]

This is an action arising from events concerning the financing of real property located at 22521 Redwood Highway, Geyserville, California 95441, which Plaintiffs allege is now commonly known as 22521 Chianti Road, Cloverdale, California 95425 (the "Property"). Compl., ¶¶ 1, 9-10.

Plaintiffs allege that they entered into a mortgage loan with Countrywide Bank, N.A. ("Countrywide")[4] on or about October 13, 2005 in the original principal amount of $400,000 in order to purchase the Property (the "Loan"), as evidenced by a promissory note (the "Note"). *Id.,* ¶ 8.  The Loan and Note were secured by a Deed of Trust of the same date executed by Plaintiffs, which named Countrywide as the "Lender," MERS and MERS' successors and assigns as the "Beneficiary" and nominee for Countrywide and Countrywide's successors and assigns, and Recon as the Trustee. *Id.,* ¶ 9, Exh. A.

By Assignment of Deed of Trust executed on September 29, 2011 and recorded on October 19, 2011, MERS assigned its interest as Beneficiary of the Deed of Trust to BNYM in its capacity as Trustee for the Certificateholders of the CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-HYB10, Mortgage Pass Through Certificates, Series 2005-HYB10.[5] *Id.,* ¶ 10, Exh. B.

On November 7, 2011, Trustee Recon recorded a Notice of Default against the Property which stated that Plaintiffs were in arrears on their Loan obligations in the amount of $27,462.20 (the "NOD"). *Id.,* ¶ 12, Exh. D.  On February 8, 2012, Recon recorded a Notice of Trustee's Sale of the Property noticing and scheduling a trustee's sale for March 2, 2012. *Id.,* ¶ 13, Exh. E.  No sale was conducted that date.  Subsequently, on May 6, 2013, Recon recorded another Notice of

---

[3]  For purposes of this Motion alone, the well-pleaded allegations of Plaintiffs' Complaint are taken as true.  Defendants do not admit the truth of such allegations by referring to them here.

[4]  On March 12, 2007, Countrywide Bank, N.A. converted to a federal savings bank under the name of Countrywide Bank, FSB.  On April 27, 2009, Countrywide Bank, FSB converted to a national banking association under the title of Countrywide Bank, National Association and merged with and into Bank of America, N.A. ("BANA").

[5]  Notably, Plaintiffs have improperly sued BNYM directly rather than as Trustee for the Trust.

Trustee's Sale of the Property noticing and scheduling a trustee's sale for May 30, 2013. *Id.,* ¶ 14, Exh. F.  Again, no sale was conducted that date.

By Substitution of Trustee executed on March 28, 2014 and recorded on April 9, 2014, Beneficiary BNYM substituted CRC in place of Recon as the Trustee of the Deed of Trust. *See* Defendants' Request for Judicial Notice ("RJN"), <u>Exhibit A</u> (the "SOT").[6]  On June 10, 2014, CRC recorded another Notice of Trustee's Sale of the Property noticing and scheduling a trustee's sale for July 10, 2014. *Id.,* ¶ 15, Exh. G.  Again, no sale was conducted that date nor has one been conducted at any time since.

Against this backdrop of public filings, Plaintiffs offer a hodgepodge of stale and unmeritorious foreclosure-avoidance theories that have been consistently rejected by California courts.  In support of their argument that the Loan is unenforceable and that they are entitled to a mortgage-free property without paying off the Loan, Plaintiffs allege that:

(a)     The Assignment of the Deed of Trust from MERS to BNYM, as Trustee for the Trust, failed to comply with the Trust's purported requirement that transfers must be completed by a certain date (*Id.,*¶¶ 19-20);

(b)     Because the Note has purportedly never been properly endorsed or transferred, only original lender Countrywide possesses the power of sale under the Deed of Trust (*Id.,* ¶ 21);

(c)     The individual who executed the Assignment on behalf of MERS allegedly lacked the authority and personal knowledge to execute it (*Id.,* ¶ 22); and

(d)     Defendants purportedly misrepresented their interest under the Loan, Note, and Deed of Trust (*Id.,* ¶¶ 28-29).

Finally, Plaintiffs aver that Defendants violated certain sections of the California Homeowners' Bill of Rights ("HBR") – specifically, Cal. Civ. Code §§ 2923.6, 2923.7, and 2924.10 – because they purportedly failed to establish a single point of contact for loan

---

[6]   Upon a motion to dismiss, a court may take judicial notice of facts outside the pleadings without converting the motion to one for summary judgment when the facts are matters of public record, such as the recorded SOT.  *Clarke v. City of Madera,* 2008 U.S. Dist. LEXIS 119550, *13 (E.D. Cal. Mar. 19, 2008) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988)).

modification review and allegedly provided unspecified misinformation about the status of their application for a loan modification. *Id.,* ¶¶ 43-44.

At no time do Plaintiffs allege that they have made all of the required loan payments under the Note or otherwise satisfied their obligations under the Loan, Note, or Deed of Trust.

## IV.   ARGUMENT AND CITATION OF AUTHORITIES

### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In ruling on the pending motion to dismiss, all of the well-pleaded factual allegations in Plaintiff's Complaint must be accepted as true and construed in the light most favorable to Plaintiff.  *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996).  However, a Court is not required to accept as true allegations of a Complaint that are contradicted elsewhere in the Complaint or attachments thereto or matters properly subject to judicial notice.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Finally, the factual allegations must be enough to raise a right to relief above the speculative level.  *See Twombly*, 550 U.S. at 555.

### B.   The Public Record Confirms Beneficiary BNYM's and Trustee CRC's Authority to Foreclose.

The loan documents executed by Plaintiffs and the other recorded documents constituting the public record affirm that Beneficiary BNYM and Trustee CRC possess proper standing to

foreclose upon Plaintiffs' loan default.   The Deed of Trust makes clear on its face that Countrywide was the "Lender" and that Recon was the "Trustee." *See* Compl., Exh. A, p. 2.  It further provides that "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." *Id.,* p. 3.  The Deed of Trust further states that "[b]orrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited, to releasing and canceling this Security Instrument."  Lastly, it provides that, "… Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the [property]…" *Id.,* pp. 3-4.

The Assignment of the Deed of Trust that was recorded on October 19, 2011 with the Recorder of Sonoma County also demonstrates that MERS (as nominee for Countrywide), for value received, transferred its interest under the Deed of Trust to BNYM. *Id.,* Exh. B.  On November 7, 2011, a Notice of Default was recorded by Trustee Recon as "agent for the beneficiary," naming BNYM as the beneficiary of the Deed of Trust and party to contact to discuss alternatives to foreclosure. *Id.,* Exh. D.  After the recordation of two separate Notices of Trustee's Sale noticing foreclosure sale dates in 2012 and 2013 that were never conducted, BNYM substituted CRC as Trustee in place of Recon by the recording of the SOT on April 9, 2014. *See* RJN, Exhibit A.  On June 10, 2014, CRC recorded another Notice of Trustee's Sale of the Property noticing and scheduling a trustee's sale for July 10, 2014. *Id.,* ¶ 15, Exh. G.  No foreclosure sale has been conducted to date.

Taken together, the pertinent documents establish that: (1) Plaintiffs granted and conveyed to Recon (as Trustee) a security interest in the property with power of sale; (2) MERS (as Beneficiary) was authorized to perform any act on the Lender's behalf, including foreclosing and selling the property; (3) MERS assigned its interest under the Deed of Trust to BNYM for valuable consideration; (4) Recon (as Trustee and "agent for the beneficiary") recorded the

NOD; (5) CRC (as Substitute Trustee) noticed the property for sale as a result of Plaintiffs' default under the Deed of Trust.  It is evident that CRC, as Trustee, possesses standing and the authority under the loan instruments to sell the property at foreclosure.

Furthermore, these documents also evidence that all defendants have complied with all applicable laws governing the non-judicial foreclosure process.  Cal. Civ. Code §§ 2924-2924i provide the exclusive framework for this process.  *See Moeller v. Lien,* 25 Cal. App. 4th 822, 834 (1994) ("The comprehensive statutory framework established to govern non-judicial foreclosure sales is intended to be exhaustive.") (cit. omitted); *Gomes v. Countrywide Home Loans, Inc.,* 192 Cal. App. 4th 1149, 1154 (2011) ("Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute.") (internal citation omitted).

Under these statutes, if a deed of trust contains an express provision granting a power of sale, a "trustee, mortgagee, or beneficiary or any of their authorized agents" may institute the foreclosure process.  Cal. Civ. Code § 2924(a)(1); *Ung v. Koehler,* 135 Cal. App. 4th 186, 192 (2005).  California law further provides that a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substitute trustee." Civ. Code § 2924b(b)(4).  Plaintiff's' contention that Defendants do not possess the right to effectuate foreclosure cannot succeed in the face of the recorded documents, including the very Deed of Trust in which they explicitly agreed that (a) MERS could assign its interest under the Deed of Trust; (b) Recon would serve as Trustee; and (c) the Lender can substitute the Trustee. *See* Compl., pp. 2-4, 14.

Finally, Plaintiffs contend that Defendants may not proceed with foreclosure because "the Note has never been properly endorsed, or otherwise assigned or transferred, in accordance with applicable law.  As a result, any purported transfers of the Deed of Trust, without contemporaneous legally valid transfer of the Note, are void." *Id.,* ¶ 21.  Plaintiffs notably do not specify the "applicable law" to which they refer but it is evident that their argument is contrary to California law.

To the extent that Plaintiffs contend that BNYM or CRC lack the authority to foreclose because they allegedly do not possess the Note, such contention is of no moment.  Significantly, there is no requirement under California's non-judicial foreclosure statutes that a foreclosing entity produce or prove possession or endorsement of the underlying promissory note.  *See Debrunner v. Deutsche Bank National Trust Co.,* 204 Cal. App. 4th 433, 440-41 (2012).

### C.   Plaintiffs Lack Standing To Attack the Validity of the Assignment.

While largely unclear and confusing, Plaintiffs appear to contend that the Assignment of their Deed of Trust to BNYM was invalid because of their contentions of violations of some unspecified rules of the Trust and their contentions that the signature on the Assignment was allegedly unauthorized.  Compl. ¶¶ 19-20, 22.  However, Plaintiffs lack standing to assert any claim relating to purported invalidity of the Assignment of their Deed of Trust.  Under California law, Plaintiffs may not attack the validity of an assignment to which they are not a party.  *See Bleavins v. Demarest,* 196 Cal. App. 4th 1533, 1542 (2011) ("Someone who is not a party to a contract has no standing to challenge the performance of the contract . . . ."); *Killian v. Millard,* 228 Cal. App. 3d 1601, 1605 (1991) (holding that one not a party to a contract lacks standing to seek to void the contract).  Within the context of the assignment of interests in a deed of trust, California courts have consistently held that a borrower who is not a party to an assignment of deed of trust lacks standing to challenge the validity of the document.  *See Penney v. Wells Fargo Bank, N.A.,* 2012 U.S. Dist. LEXIS 78794, at *31 (C.D. Cal. June 6, 2012) (cit. omitted) ("[A]s strangers to the Assignment and without any evidence or reason to believe that they are intended beneficiaries of that contract, Plaintiffs may not dispute the validity of that Assignment").  Because Plaintiffs were not parties to the Assignment, they simply cannot assert a claim that it was invalid.

### D.   Alleged Securitization of the Loan Has No Impact On Its Enforceability.

Plaintiffs allege, without any explanation or support, that the Loan was transferred or securitized into the Trust purportedly without conforming to the Trust's internal rules.  *See* Compl. ¶¶ 19-20.  Plaintiffs further contend that, as a result of this securitization, the Beneficiary and Trustee under the Deed of Trust have thus lost the power of sale and that any foreclosure

exercising the power would be wrongful. *See, generally,* Compl. Plaintiffs ask that title to the Property be quieted in them free and clear of the Deed of Trust they granted to the Trustee of the Deed of Trust and BNYM's predecessor-in-interest. *Id.,* ¶ 39; Prayer ¶ 3. However, California courts have consistently and unequivocally rejected all of these contentions. The central premise of Plaintiffs' Complaint fails, and as discussed below, the facts alleged by Plaintiffs do not successfully establish any claim for relief which they have asserted.

It is well-established in California that securitization and pooling of a Note does not impact its legal status or enforceability. *See Gomes,* 192 Cal. App. 4th at 1154-55 (finding that the statutory scheme for foreclosures in California does not provide for a preemptive suit challenging standing upon allegations of securitization); *Benham v. Aurora Loan Servs.,* 2009 U.S. Dist. LEXIS 78384, *10 (N.D. Cal. Sept. 1, 2009) (rejecting the argument that the power of sale under a deed of trust is lost when the promissory note is assigned to a trust pool); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 2009 U.S. Dist. LEXIS 60818, *2 (N.D. Cal. July 16, 2009) (finding that the theory that the power of sale is lost when the original promissory note is assigned to a trust pool is "erroneous" and "unsupported").

Plaintiffs specifically assert that the transfer of the Loan to the Trust failed to comply with the Trust's internal requirement that all loans be transferred before some purported cut-off date. *See* Compl., ¶¶ 19-20. Plaintiffs' challenge to the Assignment fails: Plaintiffs lack standing to challenge the validity of the document because they are neither parties to nor beneficiaries of the document. *See, e.g.*, *Penney,* 2012 U.S. Dist. LEXIS 78794, at *31 (C.D. Cal. June 6, 2012) (citing *Velasco v. Sec. Nat'l Mortg. Co.*, 823 F. Supp. 2d 1061 (D.Haw. 2011) ("[A]s strangers to the Assignment and without any evidence or reason to believe that they are intended beneficiaries of that contract, Plaintiffs may not dispute the validity of that Assignment.")).

The recent *Jenkins* opinion, authored by the Court of Appeal of California, Fourth Appellate District, is directly on point and precludes Plaintiffs from challenging the Assignment. In *Jenkins*, the plaintiff borrower alleged that the deed of trust securing her mortgage loan was ineffectively assigned in violation of an alleged pooling and servicing agreement, and that the

defendant therefore lacked authority to foreclose. *Jenkins v. JPMorgan Chase Bank, N.A.*, 216

Cal. App. 4th 497, at 505 (2013). The Court held that the plaintiff lacked standing to challenge

the assignment of deed of trust, explaining:

> [E]ven if the asserted improper securitization (or any other invalid assignments or transfers of the promissory note subsequent to her execution of the note on Mar. 23, 2007) occurred, the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note . . . As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions.

*Jenkins*, 216 Cal. App. 4th at 514-515.

Here, as in *Jenkins*, Plaintiffs improperly attempt to challenge the securitization and

assignment of their loan documents. Because Plaintiffs lack standing, Plaintiffs' challenge to the

Assignment fails. By extension, Plaintiffs' challenge to the subsequently-recorded documents

fails as well.

In an effort to escape the application of *Jenkins* and other case law that unquestionably

precludes their claims, Plaintiffs appear to be relying upon the recent decision of the Court of

Appeal of California, Fifth Appellate District, *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th

1079 (2013). Plaintiffs' reliance on *Glaski* is unavailing, as that opinion has been resoundingly

rejected by the United States District Court for the Northern District of California. This Court

recently observed that "courts in this District have expressly rejected *Glaski*." *Apostol v.

CitiMortgage, Inc.*, 13-cv-01983-WHO, 2013 U.S. Dist. LEXIS 167308 (N.D. Cal. Nov. 21,

2013) (declining to follow *Glaski*). Plaintiffs' counsel should be well-aware that *Glaski* has no

application in the Northern District of California, as this Court recently refused to apply *Glaski*

in two other substantially identical cases brought by Plaintiffs' counsel. *See Bergman v. Bank of

America, N.A.*, No. 13-cv-00741-JCS, 2014 U.S. Dist. LEXIS 7933, at *11 (N.D. Cal. Jan. 22,

2014) (opinion authored by Hon. Joseph C. Spero); *see also Nguyen v. J.P. Morgan Chase Bank,

N.A.*, No. 5:12-cv-04183-PSG, 2014 U.S. Dist. LEXIS 6009 (N.D. Cal. Jan. 16, 2014). Indeed,

in the wake of the *Glaski* decision, federal district courts throughout the State of California have

9

continued to apply the *Jenkins* rule, and continue to adhere to the "majority position that 'plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA.'" *Snell v. Deutsche Bank Nat'l Trust Co.*, No. 2-13-cv-02178-MCE-DAD, 2014 U.S. Dist. LEXIS 1112, at *15 (E.D. Cal. Jan. 29, 2014) (quoting *Dahnken v. Wells Fargo Bank, N.A.*, No. 13-cv-2838-PJH, 2013 U.S. Dist. LEXIS 160686 (N.D. Cal. Nov. 8, 2013)); *see also Newman v. Bank of New York Mellon*, 1:12-cv-1629 AWI, 2013 U.S. Dist. LEXIS 147562 (E.D. Cal. Oct. 11, 2013) ("Until either the California Supreme Court, the Ninth Circuit, or other appellate Courts follow *Glaski*, this Court will continue to follow the majority rule.").  Needless to say, *Glaski* is not well-accepted, is not controlling on this Court, and should not be applied here.

Separately, Plaintiffs attempt to ignore the plain language of the Deed of Trust itself, which states that "[t]his Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located."  *See* Compl., Exh. A, ¶ 16.  Accordingly, the Court should disregard Plaintiffs' argument regarding the applicable trust law, as the argument relies on allegations that contradict matters properly subject to judicial notice.  *See Rios v. Bank of America, N.A.*, No. 2:12-cv-02439-KJM-AC, 2014 U.S. Dist. LEXIS 18613, at *8 (E.D. Cal. Feb. 13, 2014) (explaining that the Court should not accept as true factual "'allegations that contradict matters properly subject to judicial notice' or to material attached to or incorporated by reference into the complaint.").

Accordingly, as in *Apostol, Bergman, Nguyen, Snell, Newman*, and many other recent federal district court opinions, this Court should decline to follow *Glaski* and should hold that Plaintiffs lack standing to challenge the Assignment.

**E.**      **Plaintiffs Fail To State A Claim For Any of Their Individual Causes of Action.**

In addition to the Complaint being subject to dismissal for the foregoing reasons alone, each of Plaintiffs' individual causes of action fails because it cannot be properly pleaded or is contrary to applicable law.  For the reasons discussed below, each of Plaintiffs' six (6) causes of action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**F.**     **Plaintiffs Fail To State A Claim For Wrongful Foreclosure. (COA # 1)**

Plaintiffs' first cause of action is for wrongful foreclosure, wherein they allege that they have been damaged by Defendants' attempts at foreclosure because (a) the Assignment of the Loan into the Trust allegedly occurred after some unspecified, purported cut-off or closing date by which transfers to the Trust must have been completed; (b) the Note has purportedly never been properly endorsed or transferred and only original lender Countrywide possesses the power of sale under the Deed of Trust; and (c) the individual who executed the Assignment on behalf of MERS allegedly lacked the authority and personal knowledge to execute it. *See* Compl., ¶¶ 19-22).

As a threshold matter, not one of the aforesaid contentions is sufficient to state a claim against Defendants. As discussed above, Plaintiffs lack standing to attack the validity of the Assignment of the Deed of Trust and the securitization of a loan does not in and of itself impact the power of sale. Moreover, Plaintiffs fail to explain why any alleged failure by Defendants to follow the purported securitization requirements of the Trust serves to destroy the power of sale if the lender and trustee follow all state-imposed requisites for assignment of loan instruments and recording of foreclosure documents. Not only is Plaintiffs' securitization theory devoid of any factual development and contrary to existing authority, it is also undercut by the very loan documents that govern their contractual relationship with Defendants. Further, the public record confirms that BNYM is the Beneficiary of the Deed of Trust and that CRC is the Trustee of the Deed of Trust. Pursuant to Cal. Civ. Code § 2924(a)(1), either BNYM or CRC may therefore initiate foreclosure proceedings.

To the extent that Plaintiffs contend that Defendants lack the authority to foreclose because they allegedly do not possess the Note, such contention is of no moment. Compl., ¶ 21. Significantly, there is no requirement under California's non-judicial foreclosure statutes that a foreclosing entity produce or prove possession or endorsement of the underlying promissory note. *Debrunner,* 204 Cal. App. 4th 433.

In addition to the aforementioned pleading inadequacies, Plaintiffs also fail to state a claim for wrongful foreclosure simply because there has been no foreclosure sale. The

California Courts of Appeal have identified the following elements of a claim for wrongful foreclosure: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *See Rockridge Trust v. Wells Fargo Bank, N.A.* 985 F. Supp. 2d 1110, * 75 (N.D. Cal. Sept. 25, 2013) (collecting cases). Here, there has no sale of the Property pursuant to the subject Deed of Trust and no tender or excuse from tender. As a consequence, Plaintiffs' cause of action for wrongful foreclosure is inadequate.

For all of these reasons, the wrongful foreclosure claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### G.    Plaintiffs Fail To State A Claim For Fraud. (COA # 2)

Plaintiffs' second cause of action is for fraud. Plaintiffs allege that Defendants misrepresented their interests in their Note and/or Deed of Trust and that BANA misrepresented that "intended to consider Plaintiffs' application for a loan modification." *See* Compl., ¶¶ 26, 28-29. Plaintiffs' fraud claim is insufficient here for both substantive and procedural reasons.

As an initial matter, any representations by the Defendants that BNYM was the Beneficiary of the Deed of Trust or that CRC (and Recon before CRC) was the Trustee of the Deed of Trust were accurate. *See* Compl., Exhs. A-B; RJN, Exhibit A. Those representations cannot therefore support a claim sounding in fraud.

In California, the elements of fraudulent misrepresentation are: (1) misrepresentation of a material fact; (2) knowledge of falsity (or "scienter"); (3) intent to defraud; (4) justifiable reliance on the misrepresentation; and (5) resulting damage. *Lazar v. Super. Ct.,* 12 Cal. 4th 631, 638 (1996). A misrepresentation must be as to *past* or *existing* material facts. *Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal. App. 4th 153, 158 (1991). Therefore, broken promises of future conduct are generally not actionable in a claim for negligent misrepresentation. *Id.*

/ / /

Further, in federal court, claims for fraud are held to the higher pleading standard of Fed. R. Civ. P. 9(b).  *See Kelley v. Rambus, Inc.*, 384 Fed. Appx. 570, 573 (9th Cir. 2010).  Pursuant to Rule 9(b), these claims must be pled with specificity, meaning the complaint must allege "the who, what, when, where, and how" of the alleged fraudulent conduct. *See Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997).

A plaintiff claiming fraud against a corporation faces additional pleading requirements. *See Akhavein v. Argent Mortg. Co.*, 2009 U.S. Dist. LEXIS 61796, *10 (N.D. Cal. July 17, 2009).  In such cases, the plaintiff "must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Lucero v. Am. Home Mortg.*, 2011 U.S. Dist. LEXIS 28768, *7 (N.D. Cal. Mar. 21, 2011).

Plaintiffs here fail to plead their claim for fraud with the requisite specificity and particularity.  In particular, Plaintiffs fail to plead the how, when, where, to whom, and by what means the alleged misrepresentations were tendered.  Plaintiffs also fail to plead the names of the Defendants' agents or employees who made the allegedly misleading representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. Although Plaintiffs allege that they have been negotiating with BANA since 2011 on a loan modification, Plaintiffs fail to allege any specific facts regarding such conversations.  As such, Plaintiffs fail to allege their claim for fraud with the requisite specificity.

Moreover, Plaintiffs also fail to satisfy the reliance prong necessary to state a fraud claim. Plaintiffs simply do not allege that they took any action or refrained from taking any action in reliance upon any allegedly false representations.  Rather, Plaintiffs simply claim that they relied by "not previously questioning Defendants' rights and/or authority with respect to the Loan, Note, and/or the Deed of Trust." *See* Compl., ¶ 31.  Significantly, Plaintiffs do not specify how they are were damaged by their purported reliance in the form of refraining from questioning Defendants' roles under the referenced loan documents, especially considering that the public record confirms that BNYM is the Beneficiary and CRC is the Trustee of the Deed of Trust.

/ / /

Finally, Plaintiffs contend that Defendants fraudulently concealed "the invalidity of the assignments of the Deed of Trust in order to mislead Plaintiffs into believing that Defendants had the right to exercise the power of sale under the Deed of Trust." *Id.,* ¶ 29.  However, Plaintiffs cannot state a claim for fraudulent concealment because they have not shown that any Defendant was subject to a duty of disclosure.

The elements of a claim for fraudulent concealment in California are: (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.  *Kaldenbach v. Mut. of Omaha Life Ins. Co.,* 178 Cal. App. 4th 830 (2009) (quoting *Roddenberry v. Roddenberry,* 44 Cal. App. 4th 634 (1996)).

In the instant case, there is no duty of disclosure between the parties.  Courts in California have reasoned that no lender owes a borrower a fiduciary or special duty in connection with residential mortgage loans.  *See, e.g., Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231 Cal. App. 3d 1089, 1096 (1991); *Wagner v. Benson,* 1101 Cal. App. 3d 27, 34 (1980).  Because there is no duty of disclosure between a lender and a borrower, Plaintiffs' claim for fraudulent concealment fails as a matter of law.

For all of these reasons, Plaintiffs fail to state an adequate claim for fraud and the same should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**H.** **Plaintiffs Fail To State A Claim For Declaratory Relief. (COA # 3)**

Plaintiffs' third cause of action is for declaratory relief, wherein they seek a judicial declaration of the parties' respective rights under the Note, Deed of Trust, and Property. *See* Compl., ¶¶ 35-36.  As an initial matter, declaratory relief is a form of relief, not an independent cause of action.  *See Pua v. Recontrust Company,* 2011 U.S. Dist. LEXIS 82624, * 14 (C.D. Cal. July 28, 2011) ("As such, a claim for declaratory relief is improper where, as here, the claim

merely replicates other substantive causes of action asserted in the pleading."). Here, Plaintiffs' request for declaratory relief mirrors their state law claim for quiet title.

Nevertheless, Plaintiffs are not entitled to declaratory relief. In order to state a basis for declaratory relief under the federal Declaratory Judgment Act, Plaintiffs must show the existence of an "actual controversy." 28 U.S.C. § 2201(a). As discussed throughout this Motion and Memorandum, not one of Plaintiffs' causes of action is sustainable. Plaintiffs have shown no colorable basis for their assertions that Defendants may not proceed with foreclosure upon their ostensibly admitted default.

Ultimately, the Complaint fails to state any substantive claim for relief, allege any statutory violation by Defendants, or identify any wrongful conduct by Defendants. Plaintiffs have not shown that there is any actual controversy regarding BNYM's or CRC's authority to foreclose. Hence, the request for declaratory relief does not state a claim upon which relief may be granted and this count should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## I. Plaintiffs Fail To State A Claim For Quiet Title. (COA # 4)

Plaintiffs' fourth cause of action is for quiet title, wherein they request that the Court quiet title to the Property free and clear of the Deed of Trust or any interest of the Defendants. *See* Compl., ¶ 39; Prayer ¶ 3. However, Plaintiffs cannot maintain such a cause of action because (1) Plaintiffs fail to show that the Deed of Trust is not a valid, enforceable instrument; (2) the public record shows that BNYM is the Beneficiary of the Deed of Trust and that CRC is the Trustee; and (3) Plaintiffs fail to allege tender, payment, or satisfaction of their Loan obligations.

To state a cause of action for quiet title, Plaintiffs must include: 1) a description of the subject property; 2) the title of Plaintiffs as to which determination is sought and the basis of the title; 3) the claims adverse to the title of the Plaintiffs against which a determination is sought; 4) the date as of which the determination is sought; and 5) a prayer for determination of the title of the Plaintiffs against adverse claims. Cal. Code Civ. Proc. §§ 760.020(a)-(e). "If the plaintiff fails to show any legal interest in the property in controversy, and as to which he asserts title, he must fail altogether…" *Wright v. City of Morro Bay,* 144 Cal. App. 4th 767, 775 (2006).

Here, even though Plaintiffs provide a legal description of the Property, they never give any basis for their claim to legal title. *See* Compl., ¶ 38. Plaintiffs do not provide any specifics to support their allegation that they hold record title, do not provide any specifics related to any instrument or deed by which they obtained title, and do not attach any instrument or deed by which they obtained title. In fact, Plaintiffs contradict their contention that they possess clear title to the Property by affirmatively alleging that they borrowed money to purchase the Property and granted a Deed of Trust interest in the Property and by attaching that Deed of Trust as an exhibit to their Complaint. *Id., ¶¶* 8-9, Exh. B.

In addition, Plaintiffs cannot rescind their Loan or the Deed of Trust because a mortgagor cannot quiet her title against the mortgagee without paying the debt secured. *See Shimpones v. Stickney,* 219 Cal. 637, 649 (1934). Thus, the cloud upon their title persists until the outstanding debt is paid. *See Aguilar v. Bocci,* 39 Cal. App. 3d 475, 477 (1974). Here, Plaintiffs must repay the money they borrowed before voiding the security for the loan. However, because Plaintiffs have neither tendered repayment of the loan nor alleged tender, payment, or satisfaction, they cannot state a claim for quiet title.

For such reasons, Plaintiffs' fourth cause of action fails to state a plausible claim and the same should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**J.      Plaintiffs Fail To State A Claim For "Civil Code Violation." (COA # 5)**

In their fifth cause of action, Plaintiffs allege that Defendants violated certain sections of the HBR – specifically, Cal. Civ. Code §§ 2923.6, 2923.7, and 2924.10 – because Defendants purportedly failed to establish a single point of contact for loan modification review and allegedly provided unspecified misinformation about the status of Plaintiffs' application for a loan modification. *Id., ¶¶* 43-44. However, the allegations of the Complaint affirmatively demonstrate that the HBR does not apply to Plaintiffs' situation.

Plaintiffs offer virtually no details about their alleged efforts to obtain a loan modification, but they do specify that they applied for a modification in 2011. *Id.*, ¶ 28. Plaintiffs do not allege that any other loan modification application was submitted to any Defendant. Notably, the HBR became effective on January 1, 2013. *See* AB 278, 11–12

Assemb., Gen. Sess. (CA 2012).  Therefore, any modification review that occurred in 2011 was not subject to the HBR.

Plaintiff's HBR claim fails because the events underlying the claim occurred before the California Homeowner Bill of Rights became law.  A statute is not retroactive "unless the Legislature has expressly so declared."  *DiGenova v. State Bd. Of Educ.*  57 Cal. 2d 167, 173 (1962).  Further, "in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application."  *Evangelatos v. Superior Court*, 44 Cal. 3d 1188, 1208-09 (1988).[7]

Here, the HBR did "not go into effect until Jan[uary] 1, 2013 and there is no indication that the law is intended to be, or will be, applied retroactively."  *McGough v. Wells Fargo Bank, N.A.*, No. C12–0050 TEH, 2012 U.S. Dist. LEXIS 151737, *16-17 n. 4 (N.D. Cal. Oct. 22, 2012).  California's state and federal courts have repeatedly held this to be the case.  *See, e.g.*, *Sanguinetti v. CitiMortgage, Inc.*, No. 12–5424 SC, 2013 U.S. Dist. LEXIS 130129, *18 (N.D. Cal. Sept. 11, 2013); *Gilliland v. Chase Home Fin., LLC*, No. 2:13–cv–02042 JAM–AC, 2014 U.S. Dist. LEXIS 11107 (E.D. Cal. Jan. 29, 2014); *Robles v. One West Bank, FSB*, No. B234196, 2012 Cal. App. Unpub. LEXIS 7618, *17 (Cal. Ct. App. Oct. 22, 2012) ("Plaintiffs clearly have no cause of action under the California Homeowner Bill of Rights—the law does not go into effect until January 1, 2013.").

As the HBR does not apply to Plaintiffs' alleged 2011 modification application, their cause of action for purported violations of the HBR should be dismissed for failure to state a claim.

/ / /

---

[7] The public policy underlying these rules justifies declining to apply the HBR retroactively.  A retroactive application would impose new duties on parties to preexisting transactions and create liability for past conduct.  Moreover, it would affect not only parties that conducted foreclosure-related activities prior to January 1, 2013, but also third parties who relied on those activities.  It would essentially reverse or frustrate third-party transactions and nullify the legal effect of actions taken in reliance on prior foreclosures.

**K.    Plaintiffs Fail To State A Claim For Unfair Competition. (COA # 6)**

Plaintiffs' sixth cause of action is for alleged violations of California Business and Professions Code § 17200 *et seq.* ("UCL") by virtue of the conduct alleged in their other counts. The UCL defines unfair competition as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition--acts or practices which are unlawful, or **unfair**, or fraudulent. 'In other words, a practice is prohibited as "**unfair"** or "deceptive" even if not "unlawful" and vice versa.'" *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996).  Further, in order for a claimant to have standing to assert a UCL claim under § 17200, he "must allege that [he has] suffered an 'injury in fact' and [has] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.

A plaintiff alleging a § 17200 violation must state with reasonable particularity the facts supporting the statutory elements of the violation.  *Khoury v. Maly's of California* 14 Cal. App. 4th 612, 619 (1993).  Furthermore, a UCL claim is predicated entirely upon a violation of other statutory or common law claims. *Krantz v. BT Visual Images*  89 Cal. App. 4th 164, 178 (2001). Thus, a UCL claim stands or falls depending on the fate of antecedent substantive causes of action. *Id.*

Here, for the reasons discussed as to each such claim, Plaintiffs have not successfully asserted any underlying substantive cause of action or pled any statutory violation.  Moreover, Plaintiffs have failed to show that Defendants have committed any unlawful, unfair, or fraudulent business practice.  Finally, Plaintiffs have failed to plead that any damages have been incurred as a result of any purported violations of the UCL, no foreclosure sale of the Property has been conducted, and Plaintiffs therefore lack standing to pursue a UCL claim.  For these reasons, Plaintiffs fail to state a claim under the UCL claim and the same should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

/ / /

/ / /

1

**L.      Plaintiffs Are Not Entitled To Injunctive Relief. (COA # 7)**

2

3       Plaintiffs' seventh and final cause of action seeks an injunction prohibiting Defendants

4 from at any time foreclosing on the Property or transferring the Property.  *See* Compl., ¶¶ 49-50;

Prayer ¶ 4.  Plaintiffs, however, are not entitled to injunctive relief.

5       In order to obtain injunctive relief, Plaintiffs must demonstrate:  (1) that they are likely to

6 succeed on the merits; (2) that they are likely to suffer irreparable harm in the absence of

7 preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is

8 in the public interest.  *See Earth Island Inst. v. Carlton,* 626 F.3d 462, 469 (9th Cir. 2010)

9 (citation omitted).  "An injunction is a matter of equitable discretion" and is "an extraordinary

10 remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such

11 relief."  *Id.*  (citation omitted).  An injunction may not be issued if the underlying cause of action

12 is not established.  *See Affum v. U.S.,* 550 F. Supp. 2d 63, 65 (D. D.C. 2008).

13       Here, as discussed in detail as to each claim herein, Plaintiffs have not successfully pled

14 any underlying claim for relief nor demonstrated that they are likely to succeed on the merits at

15 trial of this matter.

16       Moreover, Federal Rule of Civil Procedure 65(c) states: "The court may issue a

17 preliminary injunction or a temporary restraining order *only* if the movant gives security in an

18 amount that the court considers proper to pay the costs and damages sustained by any party

19 found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  This rule of law

20 dovetails here with California law requiring tender of the secured obligation as a pre-requisite to

21 injunctive relief restraining foreclosure.  "When a debtor is in default of a home mortgage loan,

22 and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of

23 the amount of the secured debt to maintain any cause of action for wrongful foreclosure."  *See*

24 *Alicea v. GE Money Bank,* 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009).  Plaintiffs here do

25 not allege that they have or are willing to tender the full amount of the debt.

26       As a consequence, for all of the aforesaid reasons, Plaintiffs are not entitled to a

27 preliminary injunction.

28 / / /

MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

V.  **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Dated:  September 12, 2014                         _/s/ Tracy Evans Moyer_

Tracy Evans Moyer
McGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles CA 90067
(310) 315-8200 (phone)
(310) 310-8210 (facsimile)
_tmoyer@mcguirewoods.com_
_Attorney for Defendants_
_Bank of America, N.A., The Bank of New York Mellon fka The Bank of New York, ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc._

MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

1

2

## CERTIFICATE OF SERVICE

3

4   I, Tracy Evans Moyer, certify that on September 12, 2014, the foregoing document

5   entitled **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;**

6   **MEMORANDUM OF LAW IN SUPPORT** was filed electronically in the Court's ECF;

7   thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing"

8   ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the

9   case.

10

11                                                    */s/ Tracy Evans Moyer*
                                                       Tracy Evans Moyer

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28